IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>ARTHUR EDWARD SUAREZ, JR.,<br>KENDRA DEANNE SINGLETARY,<br>DANA MICHAELLE STOKES,<br>TONEY EUGENE BAHE,<br>NATHAN ALLEN LEWELLING,<br>KENNETH WAYNE TONEY,<br>OSMAN ROLANDO SANCHEZ,<br>KAYLA MARISA BRADFORD,<br>JEREMY NATHANIEL STAGE,<br><br>           Defendants. | Case No. 24-CR-0372-SEH |

**Notification of Intent to Offer Expert Witness Testimony**

The United States submits this Notice pursuant to Federal Rules of Evidence 702, 703, and 705, and Federal Rules of Criminal Procedure 16(a)(1)(G)(i).

The United States intends to call Agent Rebecca Gionta, a Special Agent with the Department of Homeland Security: Immigration and Customs Enforcement (ICE) and Homeland Security Investigations (HSI), assigned to the Dallas, Texas, Residence Office, stationed in Tulsa, Oklahoma. Agent Gionta has been a law enforcement officer since 2014 and a HSI Special Agent since 2019. Before working for HSI, Agent Gionta was a detective with the Lake County Sheriff's Office in Waukegan, Illinois.

Through her education, training, and experience, Agent Gionta is familiar with the way illegal drugs are transported, stored, packaged, distributed, mannerisms of drug dealers, interpreting drug (coded) language, methods of payment, and other factors relevant to drug distribution. Agent Gionta has had training on methods of unlawful manufacturing of illegal narcotics and has participated in numerous complex conspiracy cases.

Agent Gionta has participated in over 50 drug related investigations and her experience has ranged from drug conspiracy, unlawful manufacturing, importation, transportation, to distribution of drugs. These investigations required Agent Gionta to conduct wire and physical surveillance, author search warrants, including phone/Pen warrants, surveillance of undercover transactions, introduction of undercover agents, participated as an undercover agent herself, execution of search warrants, debriefing of informants, interviewing targets, review of taped conversations, and examination of drug records. Agent Gionta's training and experience has provided her with the knowledge of drug distribution schemes, networks, how drug organizations work and structured, production, the disbursement of drug proceeds, drug records and ledgers, and methods to deceive law enforcement.  Additionally, Agent Gionta has participated in several Title III investigations and understands how wire operations work. Please refer to Exhibit A, Agent Gionta's *curriculum vitae*, for further information on her education, training, and experience.

Below, please find: (1) a complete statement of opinions that the government presently intends to elicit from the above expert witnesses in its case-in-chief; (2) the bases and reasons for those opinions; (3) the expert witness's qualifications; and (4) the government's disclosure regarding the expert witness's prior expert testimony during the previous 4 years and publications authored in the previous 10 years, where applicable. *See* Fed. R. Evid. 16(a)(1)(G)(iii).

1. *Statement of Opinion(s) and Bases/Reasons for Expert Opinion(s)*

Agent Gionta will testify that the controlled dangerous substance, methamphetamine, possessed in this case by several defendants from the start of the conspiracy to the date of arrest, was possessed to distribute and to further the overall conspiracy. Agent Gionta's opinion will be based upon facts elicited by other witnesses, controlled buys, Title III Wire Intercepts, and other traditional investigatory techniques. Those facts include, but are not limited to:

    a.  The quantity of methamphetamine seized during the conspiracy;

    b.  Controlled buys conducted during the conspiracy;

    c.  Title III Wire communications between members of the conspiracy-these communications are in both text and vocal format and also include Zangi App messages which depict the conspiracy to distribute and possess with intent to distribute methamphetamine;

    d.  Financial documents—displaying money transfers for methamphetamine;

    e.  Tracking data—the vehicles used to distribute methamphetamine by members of the conspiracy;

    f.  Phone data-tracking location data;

g. Surveillance—law enforcement watched members of the conspiracy take substantial steps to further the conspiracy;

Moreover, Agent Gionta will also testify about indicators of illicit drug operations, coded language used by drug traffickers, amounts generally possessed by drug users for personal use as compared to amounts that are consistent with distribution, the various prices of drugs, and other factors relevant to drug distribution and trafficking on a large scale. Agent Gionta's testimony will include how local distributors receive their "supply" of drugs and how drug proceeds are processed.

In addition to the facts referenced above, Agent Gionta's ultimate opinion that the methamphetamine possessed by defendant within the conspiracy, and the overall conspiracy, will also be based upon Agent Gionta's background, training, and experience as a HSI Special Agent, drug investigator, and as an Agent who worked and currently works significantly sizeable international conspiracies. Furthermore, based on her role as a Special Agent, Agent Gionta would testify how local distributors work for and in tandem with and to further the goals of drug trafficking organizations and transnational drug trafficking organizations—which include sending drug proceeds (through money remitters, couriers, etc.) to the leaders of the organizations.

2. *Prior Expert Testimony*

Agent Gionta has not testified as an expert within the past 4 years.

3. *Publications*

Agent Gionta has not authored any publications within the past 10 years.

4. *Witness Approval and Signature*

I have reviewed and approve of the summary of my anticipated testimony.

Dated: December __30__, 2024

*Rebecca C. Gionta*
_____
Rebecca Gionta
HSI Special Agent

The government reserves the right to question this expert about other matters that may be raised during cross-examination or based upon the testimony elicited from defense experts, if any, or other witnesses or evidence that the defense introduces at trial. To the extent the Court allows the defense the same right, the government reserves the right to elicit any additional testimony that the experts are qualified to provide should the need arise based on further developments in preparing for and during the trial.

Further, the United States requests reciprocal discovery pursuant to Rule 16(b) and (b)(1)(C)(i) and reserves the right to modify this notice.

At the time of this Notice, Defendants Kenneth Wayne Toney, Osman Rolando Sanchez, and Jeremy Nathaniel Stage remain at large with an active federal arrest warrants.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

*/s/ Mandy M. Mackenzie*
Mandy M. Mackenzie, WA Bar #55836
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on the 30th day of December, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Kathrine Greubel
*Defense Counsel for Suarez Jr.*

Taylor McLawhorn
*Defense Counsel for Singletary*

Jason Perkins
*Defense Counsel for Stokes*

Michael Noland
*Defense Counsel for Bahe*

Kara Pratt
*Defense Counsel for Lewelling*

Collin Rockett
*Defense Counsel for Bradford*

*/s/ Mandy M. Mackenzie*
Mandy M. Mackenzie
Assistant United States Attorney

6